UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTHERN OIL OF LOUISIANA, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2337 c/w 23-131 |
| ALLIANCE OFFSHORE, L.L.C., ET AL. | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

Before me is Claimant Jeremy Turner's Motion to Bifurcate. ECF No. 70 (replacing deficient ECF No. 64). Limitation Petitioners Alliance Offshore, L.L.C., and M/V MR CADE timely filed an Opposition Memorandum and Defendant Sabik Oy filed a response. ECF Nos. 69, 68. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Claimant's Motion to Bifurcate (ECF No. 70) is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Southern Oil of Louisiana, LLC filed a complaint seeking to recover damages from, among others, Alliance Offshore and the M/V MR CADE after a December 2, 2021 allision. ECF No. 1, ¶ 1 at 1, ¶ 10 at 3, ¶ 18 at 6. Alliance Offshore and the M/V MR CADE later filed a Complaint for Exoneration or Limitation, which was consolidated with this matter on March 27, 2023. Civ. No. 23-131, ECF Nos. 1, 19. Two claimants (Southern Oil of Louisiana, LLC and Jeremy Turner) asserted claims in the limitation proceeding. Civ. No. 23-131, ECF Nos. 6, 7.

**II.   PENDING MOTION**

Claimant Turner files this motion to bifurcate in an effort to preserve his right to proceed in state court under the Jones Act and Savings to Suitors clause. ECF No. 70, 70-1 at 1-3. To

preserve his right to a state court jury trial while at the same time recognizing Petitioner's right to a federal bench trial under the Limitation of Liability Act of 1851 (the Limitation Act), 46 U.S.C. §§ 30501- 30512, Claimant Jeremy Turner moves to bifurcate this case into three phases: (1) this Court determines whether Petitioner was negligent and whether its vessel was unseaworthy; (2) this Court determines "privity or knowledge" and then, as appropriate, either apportions liability or dismisses the limitation proceeding and allows Claimant Turner to proceed in the forum of his choice for further litigation; and (3) this Court stays these proceedings to allow Turner to try his damages to a jury. ECF No. 70-1 at 1-2; 4-6. Movant argues that bifurcation is the preferred course of action in limitation proceedings.[1]

Alliance Offshore, L.L.C., the M/V MR CADE and Seatran Marine, LLC oppose the motion to bifurcate, arguing that this case does not present any factors outlined by Rule 42 and that bifurcation is the exception rather than the rule. ECF No. 69 at 1, 2-3. They argue that movant has not established why segregating his damages claims from the damage claims of others fosters convenience and judicial economy. *Id.* at 3. They further argue that Alliance's forthcoming Rule 14(c) tender to Southern Oil and Sabik Oy procedurally makes each defend movant's personal injury claim and the concursus nature of a limitation proceeding renders bifurcation improper.[2]

Sabik Oy neither supports nor objects to bifurcation. Rather, it simply notes that, if bifurcation is granted, the procedure adopted by Judge Vance in *Matter of the Complaint of*

---

[1] *Id*. at 5-6 (citing *In re Mississippi Limestone Corp*., No. 09-0036, 2010 WL 4174631 at *3 (N.D. Miss. Oct. 7, 2010) (noting the preferred approach is to decide the limitation issues (i.e. "privity or knowledge") and then allow claimants to return to state court if they so desire); *Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, No. 19-10525, 2020 WL 1889123, at *4 (E.D. La. Apr. 16, 2020); *Matter of Suard Barge Servs., Inc*., No. 96-3185, 1997 WL 358128 at *2 (E.D. La. June 26, 1997); *Matter of Complaint of Bergeron Marine Serv., Inc*., No. 93-1845, 1994 WL 236374 at *1 (E.D. La May 24, 1994)).

[2] *Id*. at 4-6 (citing *Matter of American River Transp. Co., LLC*, No. 20-416 c/w 20-538 c/w 20-1327, 2021 WL 4757549 (E.D. La. Sept. 30, 2021) (denying bifurcation); *Matter of N&W Marine Towing, LLC*, No. 20-2390 c/w 21-150, 2021 WL 3206292 (E.D. La. July 29, 2021) (denying bifurcation).

*Diamond B. Industries, LLC*, No. 22-127, 2022 WL 4608140 (E.D. La. Sept. 30, 2022), should be followed rather than movant's multi-phase bifurcation approach. ECF No. 68 at 1.

In Reply, movant argues that this case justifies bifurcation as same would economize and expedite these proceedings under Rule 42 as recognized by Judge Vance in the substantially similar case of *In the Matter of the Complaint of Diamond B. Industries, LLC*, No. 22-127, 2022 WL 4608140 (E.D. La. Sept. 30, 2022). ECF No. 76 at 2-3. He also argues that the cases denying bifurcation in limitation proceedings[3] are factually dissimilar. *Id*. at 3-5. Movant further argues that the absence of other parties from the state court proceeding is irrelevant because this Court would have already established percentages of liability. *Id.* at 6.

## III. APPLICABLE LAW AND ANALYSIS

### A. Bifurcation Standard

Federal Rule of Civil Procedure 42(b) allows a court to order a separate trial of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize."[4] The decision to separate a particular issue lies in the sound discretion of the court.[5] Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b),[6] but separate trials should be the exception rather than the rule.[7] Generally, bifurcation requires that the issue to be tried

---

[3] *In the Matter of American River Transp. Co.*, No. 20-416 c/w 20-538 c/w 20-1327, 2021 WL 4757549 (E.D. La. Sept. 30, 2021) (denying bifurcation), and *In the Matter of N&W Marine Towing, LLC*, No. 20-2390 c/w 21-150, 2021 WL 3206292 (E.D. La. July 29, 2021) (denying bifurcation).
[4] FED R. CIV. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995).
[5] *See Conkling*, 18 F.3d at 1293 (citation omitted); *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial . . . is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis.") (collecting cases).
[6] *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (3d ed. Aug. 2019 update).
[7] *Laitram*, 791 F. Supp. at 114 (citations omitted); *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed.") (citations omitted).

separately be so distinct and separable from the others that a trial of it alone may be had without injustice.[8]

### B. Limitation of Liability Act

The Limitation Act allows a shipowner to seek to limit its liability for an array of "claims, debts, and liabilities" that might arise from the activities of its vessel to "the value of the vessel and pending freight," as long as the incident giving rise to liability occurred "without the privity or knowledge of the owner."[9] The Limitation Act requires that "all claims and proceedings against the owner related to the matter in question shall cease,"[10] so the court will issue a stay as to all related claims against the shipowner pending in any forum, and require all claimants to timely assert their claims in the limitation court."[11] Relatedly, the "savings to suitors" clause provides that federal district courts have "original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The Judiciary Act of 1791, 28 U.S.C. § 1333(1) (emphasis added).

"This statutory framework has created 'recurring and inherent conflict' between the saving-to-suitors clause of § 1333, with its 'presumption in favor of jury trials and common law remedies,' and the 'apparent exclusive jurisdiction' vested in admiralty courts by the [Limitation] Act."[12] In resolving the tension between the Limitation Act and the savings to suitors clause, the federal

---

[8] *Laitram*, 791 F. Supp. at 115 (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).
[9] 46 U.S.C. § 30505(a)- (b); *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 970 (5th Cir. 2022) (citing *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (summarizing Limitation Act); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (same)).
[10] 46 U.S.C. § 30511(c).
[11] *N&W Marine*, 31 F.4th at 970-71 (citing *Magnolia Marine*, 964 F.2d at 1575; *see also* FED. R. CIV. P. SUPP. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.")).
[12] *N&W Marine*, 31 F.4th at 971 (citing *Magnolia Marine*, 964 F.2d at 1575 (quoting *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988))).

court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."[13]

There are two instances in which a court must allow a state court action to proceed:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and
> (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[14]

This is particularly true in single claimant situations.[15]

### C. Analysis

Bifurcation of this limitation proceeding is consistent with Rule 42 because the limitation proceeding requires the court to determine first, whether a vessel's negligence or unseaworthiness caused the incident at issue (and apportion fault, if necessary), and second, whether the owner of the at-fault vessel had privity or knowledge of the relevant acts of negligence or unseaworthiness.[16] These questions entail a more limited inquiry than does a trial that also includes quantification of a party's personal injury damages.

Although bifurcation has been denied in limitation proceedings when the case is particularly complex,[17] this case is more similar to those in which judges have found bifurcation

---

[13] *Odeco Oil*, 74 F.3d at 674 (cleaned up).
[14] *N&W Marine*, 31 F.4th at 971 (citations omitted).
[15] *In re Belle Pass Marine Transp. LLC*, No. 21-275, 2022 WL 2114630, at *2 (E.D. La. May 17, 2022) (Brown, J.) (citing *In re Tetra Applied Techs., LP*, 362 F.3d 338, 340 (5th Cir. 2004)).
[16] *Ingram Barge Co. LLC v. Caillou Island Towing Co.*, No. 21-261, 2022 WL 952257, at *2 (E.D. La. Mar. 29, 2022) (Fallon, J.) (citing *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th Cir. 1993); *see also* 46 U.S.C. § 30505 (permitting vessel owners without "privity or knowledge" to limit liability to "the value of the vessel and pending freight")); *In re Diamond B.*, 2022 WL 4608140, at *2.
[17] *In re Matter of American River Transp. Co.*, No. 20-416 c/w 20-538 c/w 20-1327, 2021 WL 4757549, at *2 (Sept. 30, 2021) (denying bifurcation in complex case involving two separate allisions and three deaths), *appeal dismissed*, No. 21-30635, 2021 WL 8016883 (5th Cir. Dec. 15, 2021). *But see Archer-Daniels Midland Co.*, 2020 WL 1889123, at *3 (granting bifurcation in allision case involving multiple personal injuries).

appropriate.[18] Further, bifurcation also helps avoid prejudice by preserving the claimant's ability to have a jury trial on damages: "Bifurcation has proved to be an effective tool to help ease the conflict" and accommodate "the presumption in favor of jury trials . . . embodied in the 'savings to suitors' clause."[19]

The Court rejects Plaintiff's multi-phase bifurcation request, however, because separate trials of negligence and unseaworthiness from "privity or knowledge" and apportionment of fault would be inefficient.[20] Rather, the Court finds that bifurcating trial into two phases (liability, including exoneration or limitation of liability and apportionment of fault, followed by damages) is appropriate to economize and expedite this proceeding.[21]

## IV.    CONCLUSION

For the foregoing reasons, the Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Turner's personal injury damages will be tried separately. Accordingly,

IT IS ORDERED that Claimant Turner's Motion to Bifurcate (ECF No. 70) is GRANTED.

New Orleans, Louisiana, this __27th__ day of April, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[18] *See Ingram Barge Co.,* 2022 WL 952257, at *3 (noting that bifurcation is consistent with the approach taken by other courts and that "numerous courts within the Fifth Circuit have deemed it appropriate to defer ruling on issues ancillary to the limitation proceeding until after the limitation was decided.") (citations and quotations omitted); *see also In re Diamond B*., 2022 WL 4608140 at *1 (noting same in case involving two consolidated limitation actions and one personal injury claimant).
[19] *In re Suard Barge,* 1997 WL 358128, at *2 (quotation omitted).
[20] *In re Diamond B.,* 2022 WL 4608140, at * 3; *Ingram Barge,* 2022 WL 952257, at *3.
[21] Movant has not sought to lift the stay or to be allowed to proceed in state court. Rather, he seeks only to bifurcate the limitation proceeding from his claim for personal injury damages. Accordingly, bifurcation does not require a stipulation in this case because claimant's damages claim, whether in federal or state court, will not proceed until after the limitation is resolved. If the limitation is denied, then it is up to the claimant rather than the court to determine whether the proceeding will continue in place or whether the injunction will be dissolved to permit the resumption of the state court action. *In re Diamond B.*, 2022 WL 4608140, at * 3; *Ingram Barge,* 2022 WL 952257, at *4.